1
2
3
4                            UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7    SAMITA BHANDARY,                         Case No.  25-cv-05830-EKL
                Plaintiff,
8
                                              ORDER DISMISSING AMENDED
9         v.                                  COMPLAINT
10   JULIE A. EMEDE,                          Re: Dkt. No. 8
                Defendant.
11
12
13        On July 11, 2025, self-represented Plaintiff Samita Bhandary filed this action and an

14   application to proceed *in forma pauperis*.  *See* ECF No. 1 ("Complaint"), No. 2 ("IFP

15   Application").  In the original complaint, Bhandary alleged that she was labeled a "vexatious

16   litigant" in state court.  She claims that her designation as a vexatious litigant violates her rights to

17   due process and equal protection under the Fourteenth Amendment.  She asserted one cause of

18   action under 42 U.S.C. § 1983 against Defendant Judge Julie A. Emede of the Santa Clara County

19   Superior Court, seeking injunctive relief from her vexatious litigant designation.

20        On July 18, 2025, the Court granted Bhandary's application to proceed *in forma pauperis*

21   and screened the complaint.  ECF No. 3 ("Order").  The Court dismissed the complaint, with leave

22   to amend, because Section 1983 does not permit the injunctive relief Bhandary requested, and

23   because the complaint failed to state a claim.  *Id*. at 2-3.

24        Now before the Court is Bhandary's amended complaint.  ECF No. 8 ("Amended

25   Complaint").  The amended complaint re-asserts the same Section 1983 claim against Judge

26   Emede "only in her official capacity."  *Id*. at 2.  The only material difference is that, instead of

27   seeking injunctive relief, Bhandary now seeks "a declaratory judgment that the current application

28   and enforcement of a vexatious litigant pre-filing restriction by the Santa Clara County Superior

United States District Court
Northern District of California

1    Court violates her constitutional rights of access to courts, due process, and equal protection." *Id.*

2    at 1.  In this Order, the Court screens the complaint and finds that it must be dismissed, without

3    leave to amend, for lack of subject matter jurisdiction.

4    **I.    DISCUSSION**

5         Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in*

6    *forma pauperis.*  The Court must identify any cognizable claims, and dismiss claims that are

7    frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief

8    against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v.*

9    *Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

10        Here, the Court finds that the complaint must be dismissed pursuant to Federal Rule of

11   Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Bhandary's sole cause of action

12   seeks retrospective declaratory relief against Judge Emede in her official capacity as a judge of the

13   Santa Clara County Superior Court.[1]  The Court lacks subject matter jurisdiction to hear this claim

14   in light of the *Rooker-Feldman* doctrine and the doctrine of sovereign immunity.

15        First, the *Rooker-Feldman* doctrine precludes federal courts from exercising "jurisdiction

16   to hear de facto appeals from state court judgments."  *Carmona v. Carmona*, 603 F.3d 1041, 1050

17   (9th Cir. 2010).  A suit brought in federal court is a "de facto" appeal when a party contends that a

18   state court's decision was erroneous and seeks federal relief from the state court judgment.

19   *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).  District courts "must also refuse

20   to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the

21   state court."  *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).  A claim is inextricably

22   intertwined with a state court judgment if "the federal claim succeeds only to the extent that the

23   state court wrongly decided the issues before it," or if "the relief requested in the federal action

24   would effectively reverse the state court decision or void its ruling."  *Fontana Empire Ctr., LLC v.*

25

26   ───────────────

27   [1] Bhandary does not contend that California's vexatious litigant statute is facially invalid, but
     rather "seeks only a declaration that the gatekeeping system, as applied to her, is unconstitutional."
     Am. Compl. at 1.  The Ninth Circuit has held that the statute does not deny due process nor equal

28   protection.  *Wolfe v. George*, 486 F.3d 1120, 1125-27 (9th Cir. 2007) (discussing Cal. Civ. Proc.
     Code § 391 *et seq.*).

United States District Court
Northern District of California

1  *City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citations omitted).

2        A claim challenging "past or future enforcement of [a] prefiling order," or the plaintiff's

3  inclusion on a "vexatious litigant list," constitutes "a forbidden 'de facto appeal' of prior state

4  court judgments." *Earls v. Cantil-Sakauye*, 745 F. App'x 696, 697 (9th Cir. 2018) (affirming

5  dismissal of Section 1983 claim challenging vexatious litigant designation without leave to

6  amend). The *Rooker-Feldman* doctrine therefore bars Bhandary's claims "challeng[ing] the

7  vexatious litigant order and any other state court orders and judgments" arising from enforcement

8  of that order. *Bashkin v. Hickman*, 411 F. App'x 998, 999 (9th Cir. 2011) (affirming dismissal);

9  *see also Shuler v. Scott*, No. 22-cv-07652-VKD, 2023 WL 8600707, at *5 (N.D. Cal. Dec. 12,

10  2023) (holding that claims challenging enforcement of a vexatious litigant order were a "de facto

11  appeal" barred by the *Rooker-Feldman* doctrine); *Kleidman v. RFF Fam. P'ship*, 22-cv-03947-

12  SPG-AFM, 2023 WL 4495237, at *3 (C.D. Cal. Jan. 11, 2023) (holding that *Rooker-Feldman*

13  doctrine bars federal courts from reversing vexatious litigant order "by way of declaratory relief").

14        Second, the doctrine of sovereign immunity also bars this Court from exercising

15  jurisdiction over the claims against Judge Emede because Bhandary "impermissibly seeks

16  retrospective relief" in the form of an order staying enforcement of or vacating state court

17  judgments. *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022).

18  "The Eleventh Amendment bars individuals from bringing lawsuits against a state for money

19  damages or other retrospective relief." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824

20  F.3d 858, 864 (9th Cir. 2016) (cleaned up). State officials sued in their official capacities are

21  generally entitled to Eleventh Amendment immunity. *Flint v. Dennison*, 488 F.3d 816, 825 (9th

22  Cir. 2007). The Eleventh Amendment thus applies to Judge Emede, who serves as a state court

23  judge and is being sued in her official capacity. *Munoz v. Super. Ct.*, 91 F.4th 977, 979 (9th Cir.

24  2024) ("[A]ctions against state courts and state court judges in their judicial capacity are barred by

25  Eleventh Amendment immunity."); *see also Lund*, 5 F.4th at 969.

26        Here, Bhandary is seeking retrospective relief against Judge Emede because she challenges

27  judgments and other rulings that issued in the state court proceedings. In particular, Bhandary

28  alleges that the vexatious litigant order "denied her the ability to file motions," and that denial of

1  her filings "led to loss of her property rights abroad."  Am. Compl. ¶¶ 9-10, 12, 15.  Bhandary

2  further contends that if "Judge Emede had not blocked [her] filings, [she] could have obtained

3  relief on property fraud, contempt, divorce fraud, immigration, sabotage, [and] custody fraud"

4  matters.  Bhandary Decl. ¶ 31, ECF No. 8.  Because Bhandary "impermissibly seeks retrospective

5  relief" from state court orders, the Court must dismiss her complaint for lack of subject matter

6  jurisdiction.[2]  *Lund*, 5 F.4th at 969; *Berman v. Brown*, No. 24-787, 2025 WL 1778824, at *1 (9th

7  Cir. June 27, 2025) (affirming dismissal of claims barred by sovereign immunity); *Shuler*, 2023

8  WL 8600707, at *5 (holding that sovereign immunity barred challenges to state court's issuance

9  and enforcement of a vexatious litigant order).

## II.    DISMISSAL IS WITHOUT LEAVE TO AMEND

11         The Court concludes that the complaint should be dismissed without leave to amend.  In

12  making this determination, the Court considers factors such as "undue delay, bad faith or dilatory

13  motive on the part of the [Plaintiff], repeated failure to cure deficiencies by amendments

14  previously allowed, undue prejudice to the opposing party by virtue of allowance of the

15  amendment, and futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court

16  also considers "the number of times the plaintiff has already been allowed to amend."  *Schwartz v.*

17  *Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

18         Here, the Court finds that dismissal without leave to amend is appropriate because

19  amendment would be futile.  Bhandary has failed to cure pleading deficiencies after the Court

20  previously granted leave to amend, indicating that further leave to amend would be futile.  *See*

21  Order at 3-4 (granting leave to amend); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d

22

23  ――――――――――――――

[2] Because Bhandary seeks retrospective relief, the *Ex parte Young* exception to sovereign
24  immunity does not apply here.  *See Coal. to Def. Affirmative Action v. Brown*, 674 F.3d 1128,
1134 (9th Cir. 2012*).*  Bhandary alleges that she does not seek "reversal of any state court
25  judgment."  Am. Compl. at 1.  Nonetheless, the relief sought in the complaint is retrospective
because it challenges prior enforcement of the vexatious litigant order.  *Lund*, 5 F.4th at 969-70
26  (examining the nature of the relief requested regardless of plaintiff's characterization of relief as
"prospective"); *see also Kleidman v. Buchanan*, No. 23-cv-1251-WQH-JLB, 2025 WL 755945, at
27  *8 (S.D. Cal. Mar. 10, 2025).  Bhandary has not identified any complaint that she intends to file in
state court that might be precluded by enforcement of the vexatious litigant order.  And even if she
28  were to do so, a claim seeking "prospective relief from a future denial of an application to file new
litigation" is not ripe.  *Earls*, 745 F. App'x at 697.

981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))).

The Court also finds that leave to amend would be futile because the Court lacks jurisdiction to hear Bhandary's claims, or to afford her the relief she seeks. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile."); *Lamoon, Inc. v. Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010) (When a plaintiff's "claims have underlying legal deficiencies that cannot be cured, amendment would be futile."). Because the Court lacks jurisdiction, dismissal without granting further leave to amend is warranted. *Berman v. Brown*, No. 24-787, 2025 WL 1778824, at *1 (9th Cir. June 27, 2025) (affirming dismissal without leave to amend of claims barred by sovereign immunity); *Diviacchi v. State Bar of Cal.*, No. 23-16170, 2024 WL 2862123, at *1 (9th Cir. June 6, 2024) (same); *McCoy v. Uale*, No. 21-16877, 2022 WL 10382922, at *2 (9th Cir. Oct. 18, 2022) (affirming dismissal without leave to amend of claims precluded by the *Rooker-Feldman* doctrine); *Gilliam v. Watanabe*, 859 F. App'x 765, 766 (9th Cir. Sep. 21, 2021) (affirming dismissal without leave to amend of "claims for injunctive and declaratory relief" against state court judge); *Earls*, 745 F. App'x at 697 (affirming dismissal without leave to amend of challenge to vexatious litigant order).

## III.    CONCLUSION

For the foregoing reasons, the Court DISMISSES Bhandary's complaint without leave to amend for lack of subject matter jurisdiction. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: December 8, 2025

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

5